IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID ANTHONY WIGGINS      *
         Petitioner,
     v.      *   CIVIL ACTION NO. CCB-07-3333

STATE OF MARYLAND      *
         Respondent.
     ***

## MEMORANDUM

Petitioner, a detainee at the Baltimore County Detention Center, filed a "request for removal to the United States District Court for Northern Maryland." Paper No. 1. He seeks to remove his criminal case in the Circuit Court for Baltimore County to this federal court. Petitioner claims that on November 14, 2007, he was unlawfully arrested and is currently detained and held without bail on a bench warrant.[1] As best as this court can determine, petitioner is complaining that: (1) the criminal information was unsigned and did not contain a copy of an arrest warrant; (2) the record does not support the facts set out in the information; (3) Baltimore City, not Baltimore County, retains venue over the matter; (4) the denial of bond for non-violent misdemeanor offenses violates the Maryland Declaration of Rights and the Eighth Amendment; and (5) he "cannot receive a fair trail [sic] or fair hearings in the Circuit Court for Baltimore County." *Id.*

To the extent petitioner is attacking pending criminal charges and is seeking release from confinement, his action shall be treated as a U.S.C. § 2241 habeas petition. A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies

---

[1] According to the Maryland Judiciary Case Search record, on November 13, 2007, a criminal information was filed charging petitioner with harassment and misuse of telephone facilities and equipment: repeated calls. *See State v. Wiggins*, Criminal No. 03K07005162 (Circuit Court for Baltimore County). A bench warrant hearing was conducted on November 16, 2007, and bail review hearings were held on November 28 and December 17, 2007. On December 11 and December 12, 2007, petitioner filed in the Circuit Court a *pro se* motion for change of venue and a request for removal to this court.

available to a petitioner have been fully exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-610 (1975).  Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist.  *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977).   Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415 (1979).

Petitioner has not exhausted his state court remedies.  Further, assuming, without deciding, that he has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition.  *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987).  The merits of the habeas petition shall not be considered by this court.

Alternatively, insofar as petitioner is seeking to remove his state criminal prosecution to this court, removal shall not be permitted.   28 U.S.C. § 1443 provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

> Petitioner claims that he has been charged with non-violent misdemeanor counts under Md.

Code Ann., Criminal Law, §§ 3-803 & 3-804.  His allegation regarding the denial of bail and his

conclusory claim that he cannot receive a fair trial or hearing in the state court fail to show that he has been denied or cannot enforce a specified federal right in the state court respecting this prosecution.   The court therefore lacks subject matter jurisdiction over the matter.   *See City of Greenwood, MS v. Peacock*, 384 U.S. 808, 827-28 (1966).   This aspect of the case shall be remanded to the Circuit Court for Baltimore County.   *See* 28 U.S.C. § 1446(c)(4) and 28 U.S.C. § 1447(c). A separate order follows.


Date: <u>December 19, 2007</u>              ___/s/_____
                                          Catherine C. Blake
                                          United States District Judge